# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **OCTAVIUS JORDAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO. 04-053-MJR** |
| | ) | |
| **DONALD N. SNYDER, LINDA DILLON,** | ) | |
| **KIM BIGLEY, and ANGELA WINSOR,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff originally filed this action jointly with two other inmates; that action was subsequently severed into three separate lawsuits.  This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.  An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are legally frivolous and thus subject to summary dismissal.

In this action, Plaintiff claims that Defendants have interfered with his right to freely practice his religion, in violation of the First Amendment and the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. § 2000bb *et seq*.[1]  He alleges, first, that at the Shawnee Correctional Center ("Vandalia"), he has not been provided with an adequate vegan diet in accordance with his religious beliefs as an African Hebrew Israelite.  Specifically, he states that Defendants require him to file a new request for vegan meals each time he is transferred to a new institution, and that it takes up to two months for these requests to be processed.  In the interim, Plaintiff is not provided with meals that comport with his religious beliefs, thus requiring him to eat the small portion of the regular food tray that does fit within his dietary guidelines.  He claims that the process for requesting the religious meals is unfair, as Defendants require him to provide written verification of his religious affiliation from an outside clergy.  He also alleges that Defendants do not stock vegan snack items in the commissary and, when he has purchased other items in the commissary, his religious vegan diet has been revoked unfairly.  Finally, he claims that Defendants refuse to allow him and other practitioners of his faith to observe their holy day of Passover, although inmates with other religious affiliations are allowed to observe their respective holy days.

The law is clear that a prisoner retains his or her First Amendment right to practice his religion, subject to prison regulations that do not discriminate between religions and are reasonably related to legitimate penological objectives.  *O'Lone v. Estate of Shabazz,* 482 U.S. 342, 349 (1987); *Turner v. Safley,* 482 U.S. 78, 89 (1987); *Sasnett v. Litscher,* 197 F.3d 290, 292 (7th Cir. 1999).  It is also well-settled that observance of religiously mandated dietary restrictions is a form of religious

---

[1]  The Court notes that in another case currently pending before this Court, Plaintiff raises similar claims against officials at the Vandalia Correctional Center.  *See Jordan v. Snyder*, Case No. 03-cv-478-MJR (S.D. Ill., filed July 25, 2003).

- 2 -

practice protected by the First Amendment. *Hunafa v. Murphy,* 907 F.2d 46, 47 (7th Cir. 1990)(citing cases). Accordingly, the Court is unable to dismiss Plaintiff's First Amendment claims regarding interference with his religious diet and religious services.

However, his reliance on RFRA is misplaced, as that statute was held unconstitutional as applied to the states because it exceeded the scope of its enforcement power under the Fourteenth Amendment by applying the law to the states. *See generally City of Boerne v. Flores*, 521 U.S. 507 (1997). Therefore, Plaintiff's RFRA claims are dismissed from this action with prejudice.

Plaintiff also complains that the grievance procedure at the I.D.O.C. is "tainted, unfair, and unconstitutional." However, "a state's inmate grievance procedures do not give rise to a liberty interest protected by the due process clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995). The Constitution requires no procedure at all, and the alleged unfairness of those procedures does not violate the Constitution. *See, e.g., Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091 (7th Cir. 1982). Therefore, his claim regarding the grievance procedure (¶ 16) is dismissed from this action with prejudice.

Further, the complaint contains one specific allegation regarding events that only affected Douglas Hill, a co-plaintiff in the original action. Since Hill is not a party to this case, Defendants need not respond to the allegations specifically involving him (¶ 14).

Finally, the Clerk has listed two other individuals – David Cheek and Suzann Griswold – as defendants in this action, presumably because their names appear in the text of the complaint. However, Plaintiff did not list either of these individuals in the caption or in the jurisdictional portion of the complaint. Accordingly, these individuals are dismissed from this action without prejudice.

- 3 -

<u>**DISPOSITION**</u>

**IT IS HEREBY ORDERED** that the claims in paragraphs 14 and 16 are **DISMISSED** from this action with prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's claims under RFRA are **DISMISSED** from this action with prejudice.

**IT IS FURTHER ORDERED** that Defendants **CHEEK** and **GRISWOLD** are **DISMISSED** from this action without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff shall complete and submit a USM-285 form for Defendants **SNYDER, DILLON, BIGLEY** and **WINSOR** within **THIRTY (30) DAYS** of the date of entry of this Memorandum and Order.  The Clerk is **DIRECTED** to send Plaintiff **FOUR (4)** USM-285 forms with Plaintiff's copy of this Memorandum and Order.  **<u>Plaintiff is advised that service will not be made on a defendant until Plaintiff submits a properly completed USM-285 form for that defendant.</u>**

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants **SNYDER, DILLON, BIGLEY** and **WINSOR**.  The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on  Defendants **SNYDER, DILLON, BIGLEY** and **WINSOR** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure.  Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order.  For

- 4 -

purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received.  If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant.  Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required.  Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by

- 5 -

counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**DATED this 22nd day of September, 2005.**

**s/ Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**

- 6 -